IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JAI BHOLE, INC. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-522 |
| | § | |
| THE EMPLOYERS FIRE INSURANCE | § | |
| COMPANY, ET AL. | § | |

**OPINION AND ORDER**

Before the Court is the "Motion to Compel Appraisal and Abate Lawsuit" of Defendant, The Employers Fire Insurance Company (Employers); the Motion is opposed by Plaintiff, Jai Bhole, Inc., d/b/a America's Best Value Inn. The Motion became ripe following a Hearing on December 19, 2013, and it will be denied.

By now, the facts of this case have been recited enough that they do not bear repeating. It will suffice to simply acknowledge the relevant time line. While insured by Employers, Plaintiff's motel was damaged by Hurricane Ike on September 13, 2008. On December 30, 2008, Employers sent Plaintiff its final payment of the adjusted claim; the claim totaled about $95,000.00. Ten months later, on October 12, 2010, Plaintiff sued Employers for more benefits. In its Original Answer, Employers raised the affirmative defense of accord and satisfaction as a bar to any further recovery by Plaintiff.

On June 2, 2011, the Parties attempted to mediate the case, but Employers conceded at the Hearing that mediation was futile while the accord and satisfaction defense remained unresolved. As a result, Employers filed its initial Motion for Summary Judgment asserting

that defense.  The Motion was subsequently withdrawn, without prejudice to being refiled following the adjuster's deposition in March 2012.  On April 7, 2012, Employers filed its second Motion for Summary Judgment, again asserting accord and satisfaction.  This Court issued a Report and Recommendation on July 2, 2012, recommending denial of Employer's Motion.  On March 28, 2013, the District Court adopted the Report and Recommendation and denied the Motion.

On September 17, 2013, a second mediation took place, but it was unsuccessful.  On October 7, 2013, Employers filed the instant Motion.  Then, three days later, Employers filed a Motion for Leave to file a  third Motion for Summary Judgment reurging, once again, the accord and satisfaction defense as a bar to any recovery at all.  On October 17, 2013, this Court denied leave to file the third Motion for Summary Judgment, determining that it would be futile.  Employers appealed that decision by objections filed on October 30, 2013.  On November 6, 2013, the District Court affirmed the denial.  On November 15, 2013, briefing on the Motion to Compel Appraisal was completed.  On December 19, 2013, this Court heard the Motion.

Plaintiff argues that Employers waived its right to demand an appraisal under the policy.  To resolve this issue, the Court need cite only a single case:  In re Universal Underwriters of Texas Insurance Co., 345 S.W.3d 404 (Tex. 2011)      In Universal Underwriters, the Court held that to successfully assert the waiver of an appraisal provision in a property insurance policy, an insured must prove 1) the insurer waited so long after an impasse in negotiations occurred that its conduct showed an intent to waive its contractual right

to demand an appraisal and 2) prejudice as a result of the delay. Id. 412    Impasse exists at that point when both parties become aware that further negotiations would be futile. Id. 409  An insured can prove prejudice by demonstrating harm to its legal rights or financial position. Id. 411

Employers wants to pinpoint impasse at the conclusion of the second unsuccessful mediation, but this Court finds that argument unpersuasive given the history of this litigation. In this opinion of this Court, an impasse, or "deadlock," was reached when Employers first decided it would stand on its accord and satisfaction defense rather than negotiate.  That decision to deny any further liability for Plaintiff's claims scuttled the initial mediation and led to attempts to have Plaintiff's suit summarily dismissed.  This was not just a disagreement over the amount of loss, it made, at that time, any further attempts by Plaintiff to negotiate a settlement futile.  Employers should not now be permitted to manipulate the facts in such a way as to create and take advantage of a second point of impasse to trigger its ability to demand an appraisal.

Moreover, impasse or not, Employers could have demanded an appraisal at any time during the pendency of its summary judgment motions.  Instead, despite being on notice as early as July 2012, when this Court issued its Report and Recommendation, that its defense might not succeed, Employers waited until October 7, 2013, to seek an appraisal.  The Court finds that Employers lengthy delay in demanding an appraisal is indicative of its intent to waive its right to an appraisal, at least until it seemed strategically wise to assert it to limit Plaintiff's potential recovery.  This finding is further buttressed by the fact that three days

3

following the filing of its Motion to Compel an Appraisal, Employers reurged its attempt to seek summary judgment on its affirmative defense.  Under the policy, following an appraisal, Employers still retains its right to deny coverage and it seems clear that Employers has little inclination to accept any adverse outcome from an appraisal.

Employers argument the Plaintiff will not suffer any prejudice also rings hollow. Plaintiff has allegedly already incurred costs and fees, including the costs of two mediations, of about $40,000.00 0 and estimates that its share of any appraisal, especially one not likely to succeed, would waste about $10,000.00 more.  Employers assertion that Plaintiff could have avoided these costs "merely by demanding appraisal, as it was entitled to do" under the policy, is disingenuous.  Many of the expenses incurred by Plaintiff were a direct result of Employers' continued intransigence.  After all, Employers continually refused to recognize Plaintiff's right to claim any additional benefits and seemed poised to continue to do so despite any appraisal award favorable to Plaintiff.  Furthermore, Plaintiff, perhaps, did not want to appraise its loss, preferring, instead, to have a jury determine the amount of its contractual damages, if any.

In addition, if an appraisal were to be overwhelming favorable to Employers after all this time, payment of a meager award could possibly preclude Plaintiff from recovery of attorney's fees for breach of contract and damages for any extra contractual claims[1].  See Breshears v. State Farm Lloyds, 155 S.W. 3d 340 (Tex. App. -- Corpus Christi 2004, rev. denied) (Summary judgment dismissing insured's contractual and extra-contractual claims proper where insurer paid appraisal award within thirty days)   Discovery in this over-3-year-

---

[1]  Disclosure:  this Court has ruled to the contrary, but the issue is by no means settled.

4

old case has closed and the case is currently set for Docket Call and trial assignment in March of this year.  At this late date, a Court-Ordered appraisal could very well harm the Plaintiff's legal right to proceed to trial and, if successful, have a jury, not appraisers, determine all of its damages.

It is, therefore, **ORDERED** that the "Motion to Compel Appraisal and Abate Lawsuit" (Instrument no. 62) of Defendant, The Employers Fire Insurance Company, is **DENIED in its entirety**.

**DONE** at Galveston, Texas, this _____7th_____ day of January, 2014.

_____
John R. Froeschner
United States Magistrate Judge